■ In the Matter of JAMES DAVIS, Appellant, v ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, et al., Respondents.—Judgment unanimously vacated, petition dismissed and matter remitted to respondent for further proceedings, in accordance with the following memorandum: Petitioner is an inmate at Auburn Correctional Facility, where he is receiving mental health services at an Office of Mental Hygiene satellite unit. Beginning in March 1988, petitioner made a series of requests to review his mental health record. It is undisputed that petitioner is a "qualified person" (Mental Hygiene Law § 33.16 [a] [7]) who is eligible to gain access to his clinical record pursuant to Mental Hygiene Law § 33.16, and that he has been authorized and permitted to inspect that record at the satellite unit. Petitioner also requested a copy of the record for his personal use, but respondents denied that request for the period of his incarceration on the basis of institutional concerns. This proceeding was commenced seeking judgment declaring that petitioner is entitled to obtain the copy during his incarceration and directing respondents to provide it to him. Supreme Court dismissed the petition, and this appeal followed.

Access to the clinical record is, under all circumstances, subject to the provisions of subdivision (c) of Mental Hygiene Law § 33.16 (Mental Hygiene Law § 33.16 [b] [1]-[4]). Paragraph (4) of subdivision (b) of section 33.16 specifically provides: "Subject to the provisions of subdivision (c) of this section, upon the written request of any qualified person, a

facility shall furnish to such person, within a reasonable time, a copy of any clinical record requested which the person is authorized to inspect pursuant to this subdivision." Subdivision (c) (1) permits the treating practitioner to limit access when the requested review "can reasonably be expected to cause substantial and identifiable harm to the patient, client or others which would outweigh the qualified person's right of access". Paragraph (4) of subdivision (c) provides, *inter alia:* "In the event of a denial of access, the qualified person shall be informed by the facility of such denial, and of the qualified person's right to obtain, without cost, a review of the denial by the appropriate clinical record access review committee." Paragraph (5) of subdivision (c) grants the qualified person the right to seek judicial review of an adverse determination by the medical access review committee.

Here, petitioner was denied access to his record when the facility refused to permit him to have a copy, but he was never informed of his right to obtain review by the clinical record access review committee, and such review has not yet been had *(see,* Mental Hygiene Law § 33.16 [c] [4]). Accordingly, this matter is not ripe for judicial review *(see,* Mental Hygiene Law § 33.16 [c] [5]). It must be remitted to the correctional facility so that the appropriate procedures may be followed. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—art 78.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.