OPINION OF THE COURT
Louis P. Gigliotti, J.
Pending before the court is a motion by petitioner Robert V. to be granted access to any record in the possession of his attorneys, Mental Hygiene Legal Service (MHLS), deemed relevant by MHLS to his annual review hearing. MHLS argues such access is necessary so that Robert V. may fully participate in MHLS’s preparation for the hearing. The Attorney General’s Office opposes the requested relief on the basis that Mental Hygiene Law § 33.16 is controlling on the issue of disclosure.
Mental Hygiene Law § 10.08 sets forth certain procedures to be followed in Mental Hygiene Law article 10 cases. In particular, Mental Hygiene Law § 10.08 (e-1) provides that “[r]ecords or reports provided to the respondent in accordance with this article shall be disclosed in the circumstances and in the same manner as records and reports disclosed pursuant to [Mental Hygiene Law § 33.16].” Pursuant to Mental Hygiene Law § 33.16 (b) (1), “upon the written request of any patient or client, a facility shall provide an opportunity, within ten days, for such individual to inspect any clinical record concerning or relating to the examination or treatment of such individual in the possession of such facility.” This right to inspect, however, is limited by the provisions of Mental Hygiene Law § 33.16 (c) (3), which provide that
“[i]f, after consideration of all the attendant facts and circumstances, the practitioner or treating practitioner determines that the requested review of all or part of the clinical record can reasonably be expected to cause substantial and identifiable *615 harm to the patient or client or others, or would have a detrimental effect as defined in subdivision (b) of this section, the facility may accordingly deny access to all or a part of the record and may grant access to a prepared summary of the record.”
If access to a record is denied, the patient or client may seek review by the facility’s clinical record access review committee, pursuant to Mental Hygiene Law § 33.16 (c) (4). If the review committee upholds the decision to deny access, the patient or client has the right to seek judicial review, pursuant to Mental Hygiene Law § 33.16 (c) (5). While MHLS is not subject to these same procedures in requesting records, pursuant to Mental Hygiene Law § 47.03 (d), “any limitations on the release thereof imposed by law upon the party furnishing the information, books, records or data shall apply to [MHLS].”
MHLS in its motion papers acknowledges the governing procedures of Mental Hygiene Law § 33.16 for purposes of giving Robert V. access to clinical records. (See affirmation of petitioner’s counsel ¶ 16.) MHLS further acknowledges that it is subject to statutory authority with regard to sharing such records. (See id. ¶ 8.) MHLS argues, however, that the interests of justice outweigh the confidentiality of the records it has obtained in the course of its representation of Robert V. MHLS claims the limitations imposed upon disclosure will interfere with its effective representation by hindering Robert V.’s ability to participate meaningfully in preparing for his annual review hearing.
Based upon this reasoning, the exception would swallow the rule. If the liberty interests of a confined sex offender were always to be viewed as a predominant concern over confidentiality, every Mental Hygiene Law article 10 respondent could view records as supplied by his counsel, thereby negating the directive to adhere to procedures set forth in Mental Hygiene Law § 33.16. Mental Hygiene Law § 10.08 (e-1) was enacted as part of the Sex Offender Management and Treatment Act that put into place the Mental Hygiene Law article 10 framework. The court is required to read the Mental Hygiene Law statutes in concert with one another. (See Matter of Town of Brookhaven v New York State Bd. of Equalization & Assessment, 88 NY2d 354, 361-362 [1996] [“Given the absence of an explicit statement by the Legislature to the contrary, settled jurisprudence requires us to read the statutes, if possible, in a manner which gives effect to both”].) As such, the court concludes that the legislature intended for the process outlined in Mental Hygiene *616 Law § 33.16 and incorporated via Mental Hygiene Law § 10.08 (e-1) to control with respect to showing records or reports to a Mental Hygiene Law article 10 respondent, each of whom faces the possibility of a curtailment of liberty interests.
While the court appreciates the representation by MHLS that it would show Robert V. only those records it deems relevant, and without intending to minimize the court’s esteem for the work of MHLS attorneys, to permit the discretion to lie with any one particular person is to undercut the very system put in place to balance the right of an individual’s access to his own records with competing diagnostic, treatment and safety concerns involving the mental health practitioner, other residents, facility staff, and even the individual himself. (See Mental Hygiene Law § 33.16 [c] [3].) It also sidesteps the appeals process put in place by the legislature for individuals who disagree with the initial decision by a practitioner or treating practitioner to deny access. Robert V. would have no such process available to him if the discretion to disclose records lies completely with his attorney, and he disagreed with the attorney’s decision to share some records but not others.[1]
Adding to the court’s reluctance to grant Robert V.’s motion is the absence of any indication in his papers that he requested and was denied access to records (or made any subsequent appeal).[2] Moreover, other avenues exist by which Robert V. can participate in challenging his diagnosis of delusional disorder, which MHLS specifically identified as a diagnosis Robert V. wishes to contest. (See affirmation of petitioner’s counsel ¶ 16.) For example, he can discuss same with the independent psychiatric examiner who was appointed in this annual review hearing and who can testify on Robert V.’s behalf in an effort to undermine the credibility of the State’s psychiatric examiner. This independent examiner has access to Robert V.’s medical and clinical reports, as allowed by Mental Hygiene Law § 10.08 *617 (b) and pursuant to an order signed in this case on January 21, 2016. Robert V. can also testify at his annual review hearing about his current mental state, if he and his attorney so choose. He can also follow the protocol established in Mental Hygiene Law § 33.16, and if his efforts were not to produce results until after his current annual review hearing is held, he can request a hearing under Mental Hygiene Law § 10.09 (f).
The court is aware that this decision is not in keeping with Matter of State of New York v Craig S. (Sup Ct, Oneida County, June 28, 2010, index No. CA2010-000529) and Matter of Brian H. v State of New York (Sup Ct, Oneida County, Feb. 4, 2015, index No. CA2014-001424), which decisions were written by the same judge and cited in MHLS’s papers. The court read both of those decisions, along with the decisions cited in the State’s response papers, and concludes that the reasoning contained in those cases cited by the State more closely comports with the court’s conclusion that Mental Hygiene Law § 33.16 provides governing procedure.
For all of the reasons stated herein the motion to grant MHLS the right to share with Robert V. any and all records in its possession that it deems relevant, regardless of source, is denied.

. The court is also concerned about the potential liability to which a respondent’s attorney could be exposed relative to his or her decisions about disclosing documents.

. While the Attorney General’s Office provided copies of two requests submitted by Robert V. in early 2015, the court does not know whether requests were made closer in time to the filing of the instant motion or with respect to records that directly address issues to be raised at the annual review hearing. The Attorney General’s papers also do not indicate whether Robert V. was advised of his appeal rights under Mental Hygiene Law § 33.16 (c) (4) and (5), which the Fourth Department has indicated must occur as part of proper procedure. (See Matter of Davis v Henderson, 156 AD2d 943 [4th Dept 1989].)